UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

FREDRICK OEHLER,

    Plaintiff,

v.                                              23-CV-956 (JLS) (JJM)

THERESA NIETZEL, MATTHEW
ALBANESE, MATTHEW
DELLAPENTA, PETER
COLAFRANCESDRI, E. GACZEWSKI,
JOHN DOE(S) CUSTOM AND
BORDER PROTECTION OFFICERS,
and THE UNITED STATES,

    Defendants.

---

**DECISION AND ORDER**

    Plaintiff Fredrick Oehler commenced this action on September 12, 2023—alleging civil rights violations. Dkt. 1. On November 9, 2023, Defendants Theresa Nietzel and Matthew Albanese (collectively, the "County Defendants") moved to dismiss the Complaint for failure to state a claim. Dkt. 4. Defendants Matthew DellaPenta, Peter Colafranceschi (incorrectly identified in the Complaint as Peter Colafrancesdri), and Edward Gaczewski (collectively, the "Individual Federal Defendants") also filed a motion to dismiss for failure to state a claim and for substitution of a party. Dkt. 16. Further, the United States moved to dismiss the Complaint for lack of subject matter jurisdiction and for failure to state a claim. Dkt. 17. Plaintiff responded to Defendants' motions, and Defendants replied. *See* Dkt. 22–27. Further, on January 23, 2024, Plaintiff filed a cross-motion to strike a

declaration that the United States submitted as part of its motion to dismiss. Dkt. 17-2, 20. The United States responded to Plaintiff's motion, and Plaintiff replied. Dkt. 28–29.

On August 6, 2024, Judge McCarthy[1] issued a Report and Recommendation (R&R) recommending that this Court: (1) grant Plaintiff's motion to strike; (2) grant the County Defendants' motion to dismiss, except to the extent that it seeks to dismiss the malicious prosecution claim against Detective Nietzel; (3) grant the Individual Federal Defendants' motion to substitute and dismiss; and (4) grant the United States' motion to dismiss, except to the extent that it seeks to dismiss the Federal Tort Claims Act ("FTCA") claims against the United States for malicious prosecution and false arrest/imprisonment premised on the conduct of HSI SAs DellaPenta, Colafranceschi, and Gaczewski. Dkt. 30, at 38.[2]

Judge McCarthy also noted that objections were due on August 20, 2024, and reminded the parties of the Court's local rules regarding the standard for filing written objections to a magistrate judge's recommendation. Dkt. 30, at 38–39. Judge McCarthy further warned the parties that "failure to comply with [the local rules] may result in the district judge's refusal to consider the objections" and that a party who "fails to object timely . . . waives any right to further judicial review of

---

[1] This Court referred the case to United States Magistrate Judge Jeremiah J. McCarthy for all proceedings under 28 U.S.C. §§ 636(b)(1)(A), (B), and (C). Dkt. 5.

[2] The page numbers refer to the CM/ECF pagination in the header of each page.

[this] decision." Dkt. 30, at 38–39; *Wesolek v. Canadair Ltd.*, 838 F.2d 55, 58 (2d Cir. 1988) (citation omitted).

Two days late, on August 22, 2024, Plaintiff filed objections to the R&R and simultaneously filed a motion to extend the time to file his objections. Dkt. 31. Defendants responded, and Plaintiff replied. Dkt. 33–36.

As a preliminary matter, the Court denies Plaintiff's motion to extend the time to file objections. *See* Fed. R. Civ. P. 6(b); *see also Wesolek*, 838 F.2d at 58 ("[t]he granting or denial of a motion to extend the time for objection to a magistrate's recommendations lies within the discretion of the district court."). If a motion is made after the expiration of the deadline for objections, the movant is required to show that "the failure to act was the result of excusable neglect." *Wesolek*, 838 F.2d at 58 (citation omitted).

The factors to be considered in evaluating excusable neglect are: "(1) the danger of prejudice to the [non-movant], (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith." *Silivanch v. Celebrity Cruises, Inc.*, 333 F.3d 355, 366 (2d Cir. 2003) (citing *Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 392 (1993)). The first two factors generally favor the moving party, and rarely is good faith at issue. *Silivanch*, 333 F.3d at 366. But despite this, the Second Circuit focuses on the third factor—noting that the equities will rarely if ever favor a party who "fail[s] to follow the clear dictates of a court rule" and holding that where the

rule is "entirely clear," a party claiming excusable neglect can expect to lose. *Id.* at 366–67 (citation omitted).

Here, the statute, caselaw, federal rules, and local rules all state that a party has *fourteen days* to file objections to a magistrate judge's R&R. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); L. R. Civ. P. 72(b); *Sepe v. New York State Ins. Fund*, 466 F.App'x 49, 50 (2d Cir. 2012) ("the magistrate judge provided the requisite clear notice when he expressly advised . . . that . . . the parties shall have fourteen (14) days after being served with a copy of the recommended disposition to file written objections").

And despite Plaintiff's argument to the contrary, Judge McCarthy correctly calculated the fourteen-day deadline and provided it to the parties in his R&R.[3] *See* Dkt. 30, at 38. He also warned the parties of the consequences of not filing objections. *See* Dkt. 30, at 38–39.

Plaintiff failed to follow the "clear dictates" of the statute, rules, caselaw, and Judge McCarthy's deadline—and this alone is enough for this Court to find that Plaintiff's failure to act was *not* the result of excusable neglect. *See Silivanch*, 333 F.3d at 368 ("But the legal system would groan under the weight of a regimen of uncertainty in which time limitations were not rigorously enforced—where every missed deadline was the occasion for embarkation on extensive trial and appellate

---

[3] The docket entry, for the R&R, also advised the parties that objections were due on August 20, 2024—fourteen days after the R&R was filed. *See* Dkt. 30.

4

litigation to determine the equities of enforcing the bar."). Thus, the Court denies Plaintiff's motion and will treat this matter as if no objections were filed.

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). A district court must conduct a *de novo* review of those portions of a magistrate judge's recommendation to which a party objects. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). But neither 28 U.S.C. § 636 nor Federal Rule of Civil Procedure 72 requires a district court to review the recommendation of a magistrate judge to which no objections are raised. *See Thomas v. Arn*, 474 U.S. 140, 149–50 (1985).

The Court accepts Judge McCarthy's recommendations.

For the reasons stated above, this Court DENIES Plaintiff's [31] motion for an extension to file late objections. And for the reasons in the R&R, this Court GRANTS Plaintiff's [20] motion to strike; GRANTS in part the County Defendants' [4] motion to dismiss; GRANTS the Individual Federal Defendants' [16] motion to substitute and dismiss; and GRANTS in part the United States' [17] motion to dismiss.

This case is referred back to Judge McCarthy for further proceedings consistent with the referral order entered on November 13, 2023. Dkt. 5.

SO ORDERED.

Dated:   October 31, 2024
         Buffalo, New York

                                              _____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE